FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUL 25 PM 12: 12
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHERMAN DIONNE CHESTER,

   Petitioner,

vs.            CIVIL ACTION NO.: CV211-026

ANTHONY HAYNES, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Sherman Chester ("Chester"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus, as supplemented, pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Chester filed a Traverse. For the reasons which follow, Chester's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Chester was convicted, after a jury trial, in the Middle District of Florida of conspiracy to possess and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Chester was classified as a career offender after the Government filed a 21 U.S.C. § 851 notice and was sentenced to life imprisonment and a 360-month sentence, to be served concurrently. (Doc. No. 10, p. 2). Chester filed a direct appeal, which was unsuccessful. United States v. Bailey, 116 F.3d 1491 (11th Cir. 1997).

Chester filed a motion to vacate, correct, or set aside his convictions, pursuant to 28 U.S.C. § 2255, which the trial court denied. Chester appealed the denial, and the Eleventh Circuit dismissed his appeal for want of prosecution. Chester v. United States, No. 00-11389-H (11th Cir. 2000). Chester filed another section 2255 motion, which was dismissed. The Eleventh Circuit dismissed his appeal, No. 01-15156A, (11th Cir. 2001), and the United States Supreme Court denied Chester's petition for writ of certiorari. No. 01-9582 (U.S. Sup. Ct. 2002). Chester filed a motion to modify his sentence, pursuant to 18 U.S.C. § 3582, and the trial court denied his motion. (Doc. No. 10-5, p. 13).

Chester asserts that he does not qualify as a career offender for sentencing enhancement purposes. Chester alleges he improperly was given a life sentence because two (2) prior state convictions the Government relied on in its § 851 notice are "now non-qualifying punishable felony conviction[s] under federal law for enhancement purposes." (Doc. No. 9, p. 2). Respondent contends that Chester cannot use the savings clause to bring his claims pursuant to a § 2241 petition.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Chester has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Chester fails to allege that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice.*

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Chester relies on the opinion in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*). In the *en banc* Gilbert decision, the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Chester was convicted of violating 21 U.S.C. § 841(a)(1)[2], and the statutory sentence he faced for his conviction was at least ten (10) years, but no more than life, under 21 U.S.C. § 841(b)(1)(A). The sentence imposed on Chester (life imprisonment) does not exceed this statutory maximum. Thus, Gilbert does not provide Chester with his requested relief.

Additionally, the United States Supreme Court's decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (June 14, 2010), involved removal proceedings under the Immigration and Nationality Act and a provision of this Act concerning an "aggravated felony". This case did not change any sentencing enhancement Chester received, and, thus, does not provide him with any relief.

Even if Chester's claims are based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Chester's claims have been denied on previous occasions does not mean that section 2255's remedy is inadequate or ineffective. Chester has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Chester has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

---

[2] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

AO 72A
(Rev. 8/82)

Chester cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Chester is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Chester's petition for writ of habeas corpus, as supplemented, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE