# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| SHERMAN DIONNE CHESTER, : | |
| Petitioner, : | |
| vs. : | CIVIL ACTION NO.: CV211-026 |
| ANTHONY HAYNES, Warden, : | |
| Respondent. : | |

## ORDER

Petitioner Sherman Chester ("Chester") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking a sentence imposed by the United States District Court for the Middle District of Florida. Respondent filed a Response, and Chester filed a Traverse. Based on the filings, the Magistrate Judge issued a Report wherein he recommended that Chester's petition be dismissed based on Chester's failure to satisfy the savings clause of 28 U.S.C. § 2255. (Doc. No. 16). Chester failed to file Objections to the Magistrate Judge's Report and Recommendation, and the undersigned adopted the Magistrate Judge's Report as the opinion of the Court. (Doc. No. 18). Chester then filed a Motion for Relief from Judgment, advising that he did not receive the Magistrate Judge's Report and Recommendation, the Order directing him to file any desired Objections, or the undersigned's Order dismissing his case until a fellow inmate advised him of the dismissal of his petition. The undersigned granted Chester's Motion and allowed him to file Objections. (Doc. No. 21). Chester filed his Objections

AO 72A
(Rev. 8/82)

to the Report and Recommendation. However, before the undersigned entered an order disposing of the Magistrate Judge's Report and Recommendation, the undersigned learned of the pendency of an appeal with the Eleventh Circuit Court of Appeals which had the potential to affect a number of habeas corpus petitions filed with this Court. After the Eleventh Circuit entered its decision in <u>Chaplin v. Hickey</u>, 458 F. App'x 827 (11th Cir. 2012), the undersigned directed the Respondent, by Order dated April 18, 2012, to file a response to Chaplin's Objections. (Doc. No. 23). Respondent did so, and Chester responded. The undersigned now rules as follows based on Chester's outstanding Objections.

After an independent and *de novo* review of the entire record, the undersigned rejects the Magistrate Judge's Report and Recommendation, as the Magistrate Judge recommended that the petition be dismissed based on Chester's failure to meet § 2255's savings clause. In light of the Eleventh Circuit's determination in <u>Chaplin v. Hickey</u>, 458 F. App'x 827 (11th Cir. 2012), the Court reviews the merits of Chester's claims.

In his Objections, Chester contends that his previous convictions under Florida law were not punishable under the Controlled Substance Act as felonies, which means that he did not have the necessary predicate convictions to have received his life sentence. In response to Chester's Objection and to the undersigned's Order dated April 18, 2012, the Respondent contends that Chester was not sentenced above the statutory maximum applicable to the crimes for which he was convicted. Respondent states that, although the subsections of Florida statute § 893.13 are not noted in the judgments in those case, each of his convictions were for felony offenses; therefore,

Respondent maintains, Chester was sentenced properly by the United States District Court for the Middle District of Florida.

Chester asserts that a court must assume the least culpable offense possible when a judgment of conviction does not adequately reflect the portion of a state statute under which a defendant is convicted. Chester cites Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (Mar. 2, 2012), as support for his assertions.

The Supreme Court determined in Johnson that, under Florida law, a battery conviction was not a "violent felony" under section 924(e)(2)(B)(i).[1] ___ U.S. at ___, 130 S. Ct. at 1274. In so doing and as is relevant here, the Supreme Court reasoned that, "[w]hen the [state] law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the 'modified categorical approach'. . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Id. at ___, 130 S. Ct. at 1273 (internal citation and punctuation omitted). The Supreme Court noted that it "may well be true . . . that in

---

[1] "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis supplied).

many cases state and local records from [. . .] convictions will be incomplete. But absence of records will often frustrate application of the modified categorical approach[]" to many crimes. Id.

Chester was convicted in the State of Florida on two (2) occasions of possession of cocaine, in violation of FLA. STAT. § 893.13. (Doc. Nos. 24-1, 24-2). Though a particular subsection of this statute is not listed on these judgments from Florida, Chester was convicted of third degree felonies on both occasions, which is clearly stated on the Florida judgments. (Doc. Nos. 24-1, 24-2). Pursuant to FLA. STAT. §§ 893.13(1)(a)(2) and 893.13(6)(a), actual or constructive possession of cocaine is punishable as provided in FLA. STAT. § 775.082(3)(d) "by a term of imprisonment not exceeding 5 years." Chester's Florida convictions are qualifying felony convictions under federal law, and the 21 U.S.C. § 851 enhancement was properly applied by the trial court.

Chester's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 25 day of June, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)